IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID MIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:21-cv-616-WHA-JTA |
| | ) [WO] |
| QUALITY CORRECTIONAL | ) |
| HEALTH CARE, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff David Mims, proceeding *pro se*, filed this 42 U.S.C. § 1983 action on September 15, 2021. After reviewing the Complaint (Doc. No. 1) and finding deficiencies with this pleading, the Court determined that Plaintiff should be provided an opportunity to file an amended complaint to correct the deficiencies. On October 5, 2021, the Court entered a detailed Order explaining the deficiencies in the Complaint and providing Plaintiff with specific instructions regarding filing an amended complaint. (*See* Doc. No. 5.) Plaintiff was cautioned his failure to comply with the October 5, 2021, Order, would result in a Recommendation that this case be dismissed. Plaintiff filed an Amended Complaint on October 29, 2021. (Doc. No. 6.) Because the Amended Complaint failed to comply with the instructions detailed in the Court's October 5, 2021, Order, the undersigned entered an Order on November 10, 2021, granting Plaintiff an additional opportunity to file an amended complaint which complied with the specific directives in the Court's Order requiring the filing of an amended complaint. (Doc. No. 7.) Plaintiff was

informed his failure to comply with the November 10, 2021, Order (Doc. No. 7), would result in a Recommendation that this case be dismissed. (*Id*.) To date, Plaintiff has not filed an amended complaint as directed or otherwise complied with the orders of the Court.

Because of Plaintiff's failure to comply with the court's orders, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is ORDERED that **by February 4, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this 20th day of January, 2022.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE